# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In the Matter of: } | |
| SCOTT MCDONALD } | CASE NO. 02-81388-JAC-7 |
| SSN: XXX-XX-4602 } | |
| DENISE LYNN MCDONALD } | |
| SSN: XXX-XX-0617 } | |
| } | CHAPTER 7 |
| Debtor(s). } | |
| | |
| SCOTT A. MCDONALD } | AP NO. 08-80132-JAC-7 |
| } | |
| Plaintiff(s), } | |
| v. } | |
| } | |
| REDSTONE FEDERAL CREDIT UNION } | |
| } | |
| Defendant(s). } | |

## MEMORANDUM OPINION

This case came before the Court on September 29, 2008 for the pretrial hearing on debtors' complaint for injunctive relief to prevent defendant, Redstone Federal Credit Union, from taking action to foreclose its judgment lien on debtors' residence and motion to show cause why Redstone should not be found in civil contempt for violating the discharge injunction. Debtors argue that Redstone has violated the discharge injunction by filing a judicial foreclosure against the debtors' property naming Scott McDonald as a defendant in the Circuit Court of Madison County, Alabama. Redstone responds that the circuit court action is an in rem action filed to enforce Redstone's judgment lien as to Scott McDonald's interest in real property with regard to which the debtors failed to avoid Redstone's judgment lien during the pendency of their bankruptcy case. At the conclusion of the hearing, the Court took the matter under submission and instructed both parties to file affidavits as to the facts of the case within ten days from the date of the hearing.

Based upon the affidavits filed by the parties and all the pleadings having been filed in this case, including the debtors' motion to determine validity of lien and motion for summary judgment, the finds Court finds that judgement is due to be entered in favor of Redstone on the grounds of res judicata. The doctrine of res judicata ensures the finality of a prior decision by foreclosing litigation, in a subsequent proceeding between the same parties or those in privity with the parties, of "all grounds for, or defenses to, recovery that were previously available to the parties, regardless of

whether they were asserted or determined in the prior proceeding."[1] The elements of res judicata under Alabama law are: "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits."[2] Any claim that was or could have been adjudicated in the previous action is precluded if each of these elements are met.[3] The Court finds that each of these elements have been met in this case based on the facts of the case which the Court sets forth as follows:

1. On August 24, 2001, Redstone recorded a certificate judgment in the amount of $6,819.28 against Scott McDonald in the Probate Office of Madison County, Alabama pursuant to ALA. CODE §§ 6-9-210 and 6-9-211 (1975). At the time Redstone recorded its judgment, Scott McDonald owned a one-half undivided interest in the property that is the subject of the action currently pending in the Circuit Court of Madison County, Alabama.

2. On March 25, 2002, Scott and Denise McDonald filed a voluntary petition under Chapter 7 of the Bankruptcy Code. In Schedule A, the debtors listed the property as having a value of $68,000 and with secured claims against same totaling $58,594.59. In Schedule F, the debtors listed Redstone as an unsecured creditor and indicated that Redstone held a judgment in the amount of $7,555.18. The debtors did not move to avoid Redstone's judgment lien pursuant to 11 U.S.C. § 522(f) during the pendency of the case.

3. On July 22, 2002, the Court entered an order granting the debtors' Chapter 7 discharge and subsequently closed the case.

4. On September 3, 2003, the debtors filed a motion to set aside their discharge and reopen their case to allow the debtors to file a motion to avoid Redstone's judgment lien. Redstone filed an objection to the motion to reopen in which the creditor argued that it made the debtors aware of the judgment while the case was pending and offered to reaffirm the debt in lieu of post-discharge execution. The Court entered an order denying the motion to reopen based on the doctrine of laches. The Court found that the debtors were aware during the pendency of their case that Redstone had a judgment against their property but took no action while the case was pending to avoid the judgment lien. More than one year having passed since the debtors received their Chapter 7 discharge and the debtors having been admittedly aware of Redstone's judgment lien while the case was pending but having taken no action to avoid same, the Court determined that reopening the case to allow the debtors a second chance to avoid Redstone's lien would constitute a substantial burden on Redstone which was not justified under the circumstances of the case. The debtors did not appeal the order denying their motion to reopen the case to file the lien avoidance action.

---

[1] *Brown v. Felsen,* 442 U.S. 127, 131 (1979).

[2] *Burr & Forman v. Blair*, 470 F.3d 1019, 1030 (11th Cir. 2006).

[3] *Id.*

2

5.  Subsequently in 2003, Redstone filed a writ of execution on the property and the debtors filed a notice of claim of exemption. Redstone admits that it did not contest same and the execution was dismissed.

6.  On March 19, 2008, the debtors refinanced their home mortgages by obtaining a mortgage from JP Morgan Chase Bank, which incorporated a second mortgage to Worldwide Lending.

7.  On March 28, 2008, Redstone filed a judicial foreclosure action in the Circuit Court of Madison County, Alabama to enforce its lien against the property. Redstone named Scott McDonald and the two mortgage companies as defendants. The complaint states that the subject matter of the complaint is certain real property owned by Scott McDonald. Redstone seeks an order seizing the property to be sold at public sale with the proceeds from said sale to be paid to Redstone to the extent necessary to satisfy Redstone's judgment lien against the property.

8.  On August 19, 2008, the debtors filed a motion to reopen their Chapter 7 case to file a complaint for injunctive relief against Redstone. The Court entered an order the same day granting the debtors' motion to reopen.

Based upon the forgoing the Court finds that the discharge order entered in this case on July 22, 2002 and the subsequent order entered on September 3, 2003 denying debtors' motion to reopen the case to file an action to avoid the lien are due to be accorded res judicata effect and same bar the debtors from seeking to enjoin Redstone's in rem action against their property. Claim preclusion encompasses not only those claims actually raised in a prior proceeding but also those claims that could have been raised from the same nucleus of operative facts.[4] Here the debtors failed to move to avoid Redstone's judgment lien during the pendency of their Chapter 7 case. In *Holloway v. John Hancock Mutual Life Ins. Co. (In re Holloway)*, 81 F.3d 1062, 1063 (11th Cir. 1996), the Eleventh Circuit explained that liens on property remain enforceable post-discharge unless avoided in the bankruptcy case, stating:

> A discharge in bankruptcy "voids any judgment . . . to the extent that such judgment is a determination of the *personal liability* of the debtor." 11 U.S.C. § 524(a)(1)(emphasis added). However discharges in bankruptcy do not affect liability in rem. Thus, liens on property remain enforceable after discharge unless avoidable under the Bankruptcy Code.

Lien avoidance cannot be accomplished by merely listing a judgment debt in the petition and claiming the property exempt as the debtors did in this case. After the debtors case had been closed for more than a year, the debtors filed a motion to reopen their case to avoid Redstone's lien which this Court denied based on the doctrine of laches. The Court firmly believes that it was correct in denying the motion to reopen applying the doctrine of laches based on the debtors failure to move to avoid Redstone's judgment lien during the pendency of the case and the prejudice to Redstone that would

---

[4] *Id.*

3

have resulted based on that delay.[5] This is not a situation where the debtors were simply unaware of the judgment lien while their case was pending and sought relief post-discharge upon learning of the lien. Here the debtors were aware of Redstone's judgment as evidence by debtors' listing of same in Schedule F of their petition and the debtors own admissions in pleadings filed in this action in which debtors have repeatedly stated that they attempted to negotiate lower payments with Redstone prior to filing bankruptcy.

Following the entry of the order denying the debtors' motion to reopen, the debtors again sat on their rights and failed to appeal the order denying the motion to reopen. That order is now final and nonappealable. Accordingly, the Court finds that the first element of res judicata has been satisfied in that the debtors were required to file a motion to avoid Redstone's lien in their bankruptcy proceeding to accomplish same but failed to do so. The debtors subsequently moved to reopen their case to file a motion to avoid the lien which the Court denied. This Court was a court of competent jurisdiction to enter both the discharge order and the order denying debtors' motion to reopen which satisfies the second element of res judicata. The third and forth elements are also satisfied in that Redstone was involved in both the original bankruptcy proceeding and defended against the debtors' motion to reopen which involved the same cause of action relating to Redstone's judgment that is now before the Court.

Finally, the Court notes that it is questionable whether the debtors would have been entitled to void the judgment lien had the debtors timely moved to do so during the pendency of their case under § 522(f). There are serious questions regarding whether the debtors had equity in the property. While the debtors listed the value of their property at $68,000 with secured claims on the property totaling $58,594.59, Redstone has submitted a Madison County tax appraisal valuing the property at $103,400 in 2002. Debtors object to Redstone's submission of the tax appraisal on the grounds that same was not submitted under seal, but the Court finds that this issue is moot. The time for litigating whether or not Redstone's lien was voidable under § 522(f) has passed. As explained by the Eleventh Circuit in *Holloway v. John Hancock Mutual Life Ins. Co. (In re Holloway)*, 81 F.3d 1062, 1063 (11th Cir. 1996), the debtors' discharge did not affect in rem liability because the debtors failed to file a motion to avoid the lien in the original action.

Based upon the forgoing, the Court specifically finds that Redstone has not violated the discharge injunction. The complaint filed by Redstone in circuit court is not an action directed toward the collection of a debt against McDonald personally, but is instead an in rem action to enforce its judgment lien. Judgment is due to be entered in favor of the defendant. A separate order will be entered consistent with this memorandum opinion.

Dated: October 9, 2008

/s/ Jack Caddell
Jack Caddell
U.S. Bankruptcy Judge

---

[5] *See In re Levy*, 256 B.R. 563 (Bankr. D.N.J. 2000)(finding that debtor was barred by laches from belatedly seeking to avoid lien six months after case was closed).

JAC/mhb
xc: Debtor(s), pro se
 Jeffrey Cook, attorney for defendant(s)
 trustee